# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOSEPH YORK

## DEFENDANTS
NORFOLK SOUTHERN RAILWAY COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KELLER & GOGGIN, P.C., 1528 WALNUT STREET, SUITE 900, PHILADELPHIA, PA 19102   (215) 735-8780

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
Federal Employers Liability Act
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: May 24, 2012

SIGNATURE OF ATTORNEY OF RECORD: /s/James M. Duckworth, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.        Example:        U.S. Civil Statute: 47 USC 553
                                    Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH YORK<br>3918 ARDEN BOULEVARD<br>YOUNGSTOWN, OH 44511 | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. |
| NORFOLK SOUTHERN RAILWAY<br>COMPANY<br>THREE COMMERCIAL PLAZA<br>NORFOLK, VA 23510-2191 | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

COMPLAINT

1.  The plaintiff herein is Joseph York, a citizen and resident of Ohio, residing therein at 3918 Arden Boulevard, Youngstown, OH 44511.

2.  The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.  Defendant, Norfolk Southern Railway Company (hereinafter referred to as "Norfolk"), is a corporation duly organized and existing under and by virtue of the laws of the State of Michigan with its principle place of business at the above address, and which regularly does business in the Eastern District of Pennsylvania.

4.  Defendant, operates a Railroad throughout Pennsylvania with yard facilities in Philadelphia, Altoona, and Pittsburgh.

5.  At the time and place hereinafter mentioned and for a long time prior thereto, defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage, and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

6.  At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff, were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

7.  At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

8.  At all times material hereto plaintiff was employed by defendant, Norfolk Southern Railway Company.

9.  All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants and/or employees.

10.  As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the

future, all to his great detriment and loss.

11. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12. Plaintiff was originally hired by Norfolk Southern on September 16, 2010 as a Trackman at the Youngstown Yard in Youngstown, OH.

13. Plaintiff transferred to the Conway Yard, in the same position, on February 12, 2011.

14. Plaintiff worked on the "weekend gang" on the day shift from Saturday through Wednesday.

15. Plaintiff was injured removing what he understood to be old retarders occurring in late March to early April of 2011.

16. Plaintiff was working with Supervisor Jimmy Brown removing what he understood to be a retarder.

17. Plaintiff was using a lining bar and was informed by Brown to apply pressure on the bar as the rail being moved with a chain attached to a back hoe. The rail initially moved and then snapped back into place when chain came undone causing the lining bar to violently jerk. When it did so Plaintiff felt a pain in his right elbow.

18. Brown witnessed the incident and asked Plaintiff if he was alright.

19. Plaintiff told him that something "popped" in his elbow when the rail snapped but that he thought that he would be fine. Brown said "O.K., let's see what happens" or words to that effect. As the day progressed that pain in his elbow worsened.

20. After work that day Plaintiff informed Roland

McCloskey, who he shared a ride to work with, about the pain in his elbow.

21. Plaintiff informed McCloskey that he needed to inform Brown about his continuing pain in the elbow.

22. Plaintiff left McCloskey and spoke with Brown in the locker rooms about his pain.

23. Plaintiff explained to Brown that his elbow really hurt and that he's "gotta do something" regarding the injury.

24. Brown responded that his condition was probably "tennis elbow" and that it would probably be fine if he gave it a couple of days rest.  He suggested that he put heat or "biofreeze" on the elbow and give it some time.

25. Brown informed Plaintiff that since he was a new employee at the Conway Yard that if he reported the injury that he would probably lose his job and that Brown could lose a bonus awarded for employees under his direction not being injured on the job.

26. Plaintiff continued to have pain in the elbow and reported the pain to Brown approximately every other day.

27. Brown regularly asked Plaintiff how his elbow was feeling.  Plaintiff suggested to Brown that he needed to seek medical treatment for his elbow pain but Brown suggested that he not do so.

28. On, April 10, 2011 Plaintiff informed Brown that his pain continued and that he was going to go to the emergency room.  Brown suggested that Plaintiff "keep his mouth shut" about how the injury occurred and told him that he should inform medical personnel that the injury occurred at home.

29. On April 11, 2011 Plaintiff did go to the emergency

room at St. Elizabeth's Austintown Emergency and Diagnostic Center. Plaintiff informed them that the injury occurred at work about 2 weeks earlier.

30. The records reflect that the pain had been continuous for two weeks. An x-ray was taken and no damage was initially found.

31. Plaintiff received a preliminary diagnosis of elbow tendonitis.

32. Plaintiff informed Brown of the diagnosis when he saw him at work. On April 12, 2011 Plaintiff followed up with his personal family physician, Dr. Malkovits, as he had been instructed to do.

33. The records of that medical visit reflected that Plaintiff informed Dr. Malkovits that something "popped" in his elbow while swinging a crow bar while working on the railroad "2 ½ weeks ago".

34. Dr. Malkovits sent Plaintiff for an MRI, the results of which reflected that he had torn a ligament and a partial tear of the radial collateral ligament as well as a tear of the extensor tendon and he would need to have surgery to repair the elbow.

35. Plaintiff informed Brown of this diagnosis and his response was "shit Joe, you are going to have to eat this injury because I never reported it after you told me and it's too late now."

36. Brown told plaintiff that if he was to report the injury now that both he and Joseph York would be fired. Brown instructed plaintiff not to worry about the situation as it would be taken care of.

37. Brown suggested that Joseph York wear long sleeve shirts and that he would assign him to perform "track patrol"(which

consisted of riding in a truck to look for broken rails) so that he would not have to use his elbow.

38. Plaintiff continued to work until May 15, 2011 when he subsequently had his surgery.

39. Plaintiff marked off on May 16 and has not worked since.

40. Following the surgery plaintiff specifically asked Brown for "light duty" assignments and he denied plaintiff as he said that there was no "light duty" available.

41. Plaintiff responded by telling Brown that he previously told him that he would work with him and now he was not doing so.

42. Plaintiff was notified by a letter dated September 20, 2011 that he was being charged with "conduct unbecoming an employee" and alleged that (1) I did not comply with Rule N that required me to immediately report the injury; (2) made false and conflicting statements concerning the injury; (3) had marked off absent under false pretenses.

43. In November 2011 plaintiff had a second surgery on his elbow additional surgeries may be required.  Plaintiff is disabled from employment as a track laborer with Defendant.

44. As a result of these injuries, Plaintiff has loss of wages, loss of future earning potential, loss of mobility and loss of life enjoyment.

45. As a result of theses injuries, Plaintiff has been given a life time of additional pain, suffering, financial uncertainty and emotional turmoil.

46. As a result of the aforesaid, plaintiff sustained injury to his body and limbs, their bones, cells, tissues, nerves and muscles; he sustained pain and severe injuries both mental and

Case 2:13-cv-00493-CB-LPL   Document 1   Filed 08/24/12   Page 9 of 13

physical in manner.  Plaintiff has been advised that some or all of the above are or may be permanent in nature.

WHEREFORE, plaintiff JOSEPH YORK claims of the defendant a sum in excess of ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS (175,000.00).

                                      KELLER AND GOGGIN, P.C.

                                      <u>/s/ James M. Duckworth</u>
                                      JAMES M. DUCKWORTH, ESQUIRE

## **VERIFICATION**

    I, James M. Duckworth, Esquire, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.


                                                    /s/James M. Duckworth
                                                  JAMES M. DUCKWORTH, ESQUIRE


DATED:    August 6, 2012

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOSEPH YORK<br>3918 Arden Boulevard<br>Youngstown, OH 44511 | : : : : | CIVIL ACTION |
| VS. | : : : | NO. |
| NORFOLK SOUTHERN RAILWAY<br>COMPANY (Norfolk)<br>Three Commercial Plaza<br>Norfolk, VA 23510-2191 | : : : : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| August 6, 2012 | James M. Duckworth | Plaintiff, Joseph York |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)735-8780 | (215)735-5126 | Jduckworth@keller-goggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**                                      **APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   3918 Arden Boulevard, Youngstown, OH 44511

Address of Defendant:   Three Commercial Plaza, Norfolk, VA 23510-2191

Place of Accident, Incident or Transaction:   Conway Yard         (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
    Yes☐    No ✔

Does this case involve multidistrict litigation possibilities?              Yes☐    No ✔

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                          Yes☐    No ✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?         Yes☐    No ✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?         Yes☐    No ✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ✔ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B.  Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

# ARBITRATION CERTIFICATION
(Check appropriate Category)

I, __James M. Duckworth_____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $175,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** __August 6, 2012__      /s/James M. Duckworth, Esquire      __83017__
                                                Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** __August 6, 2012__      /s/James M. Duckworth, Esquire      __83017__
                                                Attorney-at-Law                  Attorney I.D.#

CIV. 609 (4/03)