IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH YORK, | : | CIVIL ACTION |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| NORFOLK SOUTHERN | : |  |
| RAILWAY CO., | : |  |
| Defendant. | : | No. 12-cv-04881 |

MEMORANDUM

PRATTER, J.                                                                                                         MARCH 6, 2013

Plaintiff Joseph York filed this suit on August 24, 2012, raising a claim under the Federal Employers' Liability Act (FELA) for injuries to his elbow sustained while working for Defendant Norfolk Southern Railway Company at a rail yard in Conway, Pennsylvania. Norfolk has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to either the Western District of Pennsylvania or the Northern District of Ohio. Mr. York opposes the motion, and the matter is now ripe for decision. For reasons addressed below, the Court will transfer this case to the Western District of Pennsylvania.

**BACKGROUND**

Mr. York, a resident of Youngstown, Ohio, alleges that he injured his elbow while working in Conway, Pennsylvania for Norfolk. A few weeks after the accident in which he injured his elbow, Mr. York went to the emergency room in Austintown, Ohio. All of his follow-up medical appointments also occurred in the greater Youngstown, Ohio area, which is located in the Northern District of Ohio. Mr. York seeks damages for his elbow injuries under FELA.

According to Norfolk, all of the fact witnesses likely to be called in this case live and work in either the Western District of Pennsylvania or the Northern District of Ohio, and the site of the occurrence of the events alleged to have resulted in the injury is located in the Western District of Pennsylvania.  Mr. York himself resides in the Northern District of Ohio.

**LEGAL STANDARD**

Requests for transfer under § 1404(a) may be granted when venue is proper in both the original and the requested venue.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Schiller-Pfeiffer, Inc. v. Country Home Prods.*, Civ. No. 04-1444, 2004 U.S. Dist. LEXIS 24180, at *28 (E.D. Pa. Dec. 1, 2004).  Under § 1404(a), district courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  While there is no definitive set of factors that must be considered prior to transfer, the Court of Appeals for the Third Circuit has outlined a number of both private and public interests that the district court may consider when adjudicating a motion to transfer.

The Court acknowledges the familiar rubric that in considering a transfer request, "[plaintiff's] choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum."  *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)). *See also Jumara*, 55 F.3d at 879.  "It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based."  *Harris v. Nat'l R.R. Passenger Corp.*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

Under FELA, actions arising under the law may be brought in any district in which (1) the defendant resides; (2) the cause of action arose; or (3) the defendant conducts business at the time the action is brought. 45 U .S.C. § 56. Courts in this district are divided with respect to the significance of this provision when it relates to a transfer motion. *Cf. Dynka v. Norfolk S. Ry. Corp.*, No. 09–4854, 2010 WL 2490683, at *2 (E.D. Pa. June 15, 2010) (FELA's choice of venue provision gives a substantial right to the plaintiff to choose the forum which should be treated with strong deference); *Monington v. CSC Transp., Inc.*, No. 10–4591, 2010 WL 4751716, at *2 (E.D. Pa. Nov. 22, 2010) ("Plaintiff's choice of forum may be given some additional consideration in the context of FELA claims."); *with Colandrea v. Nat'l R.R. Passenger Corp.*, No. 99–2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000) ("Plaintiff's contention that his choice of forum is entitled to special consideration because his action is brought under the FELA... is subject to doubt."). In any case, "the presence of the choice-of-venue clause in the FELA does not preclude a Section 1404(a) transfer." *Dynka*, 2010 WL 2490683, at *3 (citing *Ex-parte Collet*, 337 U.S. 55, 60 (1949)).

Pursuant to § 1404(a), a court may transfer a case: (1) to a district where the case could have been brought; and (2) where the convenience of parties and witnesses, and the interest of justice weigh in favor of the transfer. *Wallace v. Mercantile Cnty. Bank*, Civ. No. 06-3974, 2006 U.S. Dist. LEXIS 82565, at *9 (E.D. Pa. Nov. 9, 2006) (citing 28 U.S.C. § 1404(a)). No one disputes that this case could have been brought in either the Western District of Pennsylvania or the Northern District of Ohio. *See* 28 U.S.C. § 1391(b). The Court discusses the additional factors of convenience, interests of justice and the like below.

**DISCUSSION**

The Third Circuit Court of Appeals in *Jumara* notes various "private interests" to consider in weighing transfer, such as (a) the plaintiff's forum preference as manifested in the original choice, (b) the defendant's preference, (c) whether the claim arose elsewhere, (d) the relative convenience of the parties as indicated by their relative physical and financial condition, (e) and the location of the witnesses, books and records (but only to the extent that the witnesses, books or records may actually be unavailable for trial in one of the fora). *Jumara*, 55 F.3d at 879-80 (citations omitted). The considerations also include "public interests," such as (a) the enforceability of the judgment, (b) practical considerations that could make the trial easy, expeditious or inexpensive, (c) the relative administrative difficulty in the two fora resulting from court congestion, (d) and the local interest in deciding local controversies at home. *Id.* (citations omitted).

In this case, it is the private interests that weigh strongly in favor of transfer. Although Mr. York chose this forum rather than one closer to his own home, the alternative fora advocated by Norfolk cannot be said to be inconvenient to him in any way – after all, he lives in the Northern District of Ohio and worked in the Western District of Pennsylvania. Moreover, the claim arose in the Western District of Pennsylvania, as the accident in which Mr. York claims to have injured himself occurred in Conway, Pennsylvania at Norfolk's rail yard.

As to the convenience of witnesses, Norfolk argues that all of the employee fact witnesses listed by Norfolk work in the Western District of Pennsylvania, and many of them also live there. Norfolk argues that the expense and disruption of bringing these fact witnesses to Philadelphia for a trial would be inconvenient in the extreme, as well as quite costly, both in terms of travel arrangements and disruption to the rail yard, not to mention to the witnesses

themselves.  It also highlights the fact that all of the relevant information regarding Mr. York's medical treatment, including documents and witnesses, are located in the Mahoning County, Ohio area.[1]

Mr. York counters that the convenience of witnesses is only relevant to the extent that the witnesses may actually be unavailable for trial.  Under controlling Third Circuit Court of Appeals precedent, he is correct.  *See Jumara*, 55 F.3d at 879-80.  Despite Norfolk's erroneous assertion that *Stephenson v. National R.R. Passenger Corp.*, Civil Action No. 12-2413, 2012 WL 4932043 (E.D. Pa. Oct. 17, 2012) (a *district court* case which fails to mention trial unavailability when discussing witness convenience), is controlling precedent, the fact remains that the inconvenience to the witnesses in this case still weighs heavily in favor of transfer.  To the extent that fact witnesses are employees of Norfolk, while they may be available for trial in any forum, the extreme inconvenience and expense to Norfolk of bringing them to trial in Philadelphia relates to the relative convenience of the *parties* to the suit, not just to the witnesses themselves, which is also a consideration listed in *Jumara*.

To the extent that potential witnesses exist among the medical providers who work in the Youngstown, Ohio area, those witnesses would potentially be unavailable for trial, as they are beyond the subpoena power of this Court.  *See Gunder v. CSX Transp., Inc.*, Civil Action No. 08-6029, 2009 WL 2004377, at *3 (E.D. Pa. July 8, 2009) (holding that transfer was warranted when medical witnesses lived in another forum: "Because [potential medical witnesses] are all located outside of this district, the Court does not have the power to subpoena them and compel them to testify.  Since Defendants do not employ the doctors, Defendants cannot force them to

---

[1] Mahoning County is located in the Northern District of Ohio.  It is also within 100 miles (*i.e.*, within subpoena range) of the Western District of Pennsylvania.

testify as they would be able to do with their employees.  It is up to each individual doctor whether or not he testifies and if they decide not to testify, they would be unavailable.").

The parties make little mention of the public interest factors.  Indeed, these factors are largely neutral, with the possible exception of local interest and, as more fully discussed above in relation to party convenience, expense of trial, which weigh in favor of transfer.  Even though Norfolk has operations in this District, which would raise potential local interests in the way Norfolk operates generally, local interests in the Western District of Pennsylvania, where the accident actually occurred, are certain to be even stronger.  Overall, then, the private and public interest factors weigh in favor of transfer.  Indeed, aside from Mr. York's choice to bring his suit in this District, there is next to nothing tying the case to this forum.  On the other hand, the convenience of the parties, including Mr. York himself, and the witnesses will be well served by transferring this action.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion and transfer this action to the Western District of Pennsylvania.  An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE